IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JOHN ERNEST DADE | |
|---|---|
| Plaintiff, | Case No. 4:16-CV-224-BLW |
| v. | (Criminal Case 4:01-cr-196-BLW) |
| UNITED STATES OF AMERICA | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | |

# INTRODUCTION

The Court has before it plaintiff Dade's second motion under § 2255. Dade received counsel and the motion is fully briefed. For the reasons explained below, the motion is denied.

# LITIGATION BACKGROUND

In 2002, Dade was convicted by a jury of Counts One, Two, Three, Four, and Six of the eight-count Second Superseding Indictment. More specifically, he was convicted of making threatening interstate communications (Count One), interstate stalking (Count Two), interstate domestic violence on February 18, 2001 (Count Three), use of a firearm in relation to a violent crime (Count Four), and interstate domestic violence on October 20, 2000 (Count Six). The Court imposed a sentence of 336 months.

The Ninth Circuit affirmed his conviction, noting the "overwhelming" evidence of guilt, but remanded the case for resentencing because the formerly mandatory sentencing guidelines had been rendered advisory by *U.S. v. Booker*, 543 U.S. 220 (2005). *See U.S.*

*v. Dade,* 136 Fed. Appx. 973 (9th Cir. 2005). Upon resentencing, the Court again imposed a 336-month sentence, finding that it was the shortest sentence that would ensure that the victim and other women with whom Dade might become involved would be protected. *See Resentencing Transcript (Dkt. No. 387-2)* at p. 92 in *U.S. v. Dade, 4:01-CR-196-BLW*. Dade's appeal of his sentence was rejected. *U.S. v. Dade,* 275 Fed. Appx. 600 (9th Cir. 2008).

Dade then filed, and the Court denied, a § 2255 motion. *See Memorandum Decision (Dkt. No. 526) in U.S. v Dade, supra.* When the Supreme Court issued *Johnson v. U.S.,* 135 S.Ct. 2551 (2015), the Ninth Circuit authorized Dade to file a second § 2255 motion. *See Order (Dkt. No. 544) in U.S. v. Dade, supra.* It is that motion that is now before the Court.

Dade argues that three of his convictions – for Counts 3, 4 and 6 – must be reversed under *Johnson* and a follow-up case, *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018). Those three Counts were based on a definition of "crime of violence" contained in 18 U.S.C. § 16. The *Dimaya* case, citing *Johnson,* held that § 16(b) was unconstitutionally vague, requiring, Dade argues, that the conviction on those three Counts be set aside. The three Counts at issue include two counts of interstate domestic violence under 18 U.S.C. § 2261, and one count of brandishing a firearm while committing one of the interstate domestic violence crimes.

Counts Three and Six alleged that Dade committed interstate domestic violence, and required, as an element of each offense, that Dade committed or attempted to commit a "crime of violence." *See* 18 U.S.C. § 2261(a)(1). Count Four alleged that Dade

**Memorandum Decision & Order – page 2**

brandished a firearm in relation to a "crime of violence." One element of that offense was that Dade committed the crime of interstate domestic violence as charged in Count Three. Thus, all three Counts required the jury to find that Dade committed a "crime of violence."

Because the interstate domestic violence statute – § 2261 – did not contain a definition for "crime of violence," the definition contained in 18 U.S.C. § 16 applied. The definition of "crime of violence" in § 16 contains two parts: Subpart (a) is known as the force (or elements) clause and subpart (b) is known as the residual clause. The two subparts define a crime of violence in the disjunctive as follows:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

During Dade's trial, the Court found as a matter of law that three Idaho crimes were crimes of violence: Assault, battery, and burglary. The Court so instructed the jury, and the jury convicted Dade of the two counts of interstate domestic violence (Counts Three and Six) and the count of brandishing a firearm while committing Count Three (Count Four), although the jury verdict form did not identify which of the three Idaho crimes the jury relied upon to render those convictions.

Following that trial, the Supreme Court declared § 16(b) unconstitutionally vague in *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018), holding that "it requires a court to picture the kind of conduct that the crime involves in the 'ordinary case,' and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk."

**Memorandum Decision & Order – page 3**

*Id*. at 1216. This "produces . . . more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. at 1223.

By striking down § 16(b), *Dimaya* leaves only § 16(a) as an operative definition of a crime of violence. The Government concedes that, using the categorical approach, the definition of burglary contained in the Idaho statute does not meet the definition of crime of violence under § 16(a). *See Government Response Brief (Dkt. No. 94)* at p. 2. Dade argues that because the jury in its verdict form did not identify which of the three Idaho crimes it relied upon to find that a crime of violence had been committed, it may have relied upon the crime of burglary, and may have relied upon the definition contained in § 16(b), rendering its verdict void. The Government responds that the trial record shows conclusively that Dade's convictions were based on the still-operative § 16(a), and that the crime of burglary – as defined by the Court in its jury instructions – fits within § 16(a) even if the Idaho statutory definition does not.

## ANALYSIS

This is Dade's second § 2255 motion. Under § 2244(b)(4), a second or successive § 2255 motion must be dismissed, without reaching the merits, if it is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. §§ 2244(b)(2), 2255(h)(2); *U.S. v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000).

There is no dispute that *Dimaya* was a "new rule of constitutional law, made retroactive to cases on collateral review." *Id.* The issue is whether Dade is relying on *Dimaya*: "[A] claim does not 'rely on' [*Dimaya*] if it is possible to conclude, using both

**Memorandum Decision & Order – page 4**

the record before the . . . court and the relevant background legal environment at the time of [trial], that the . . . court's . . . determination did not rest on the residual clause." *U.S. v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017).[1]

**Count Six**

Count Six charged Dade with committing interstate domestic violence on his intimate partner, Teresa Aikele, on October 20, 2000. It can be conclusively determined that the jury, in convicting Dade on Count Six, could not have relied on the residual clause of § 16(b).

The Court never instructed the jury on § 16(b) and did not use any of the language associated with that provision. Instead, with regard to Count Six, the Court required the jury to find not only that one of the three crimes had been committed – assault, battery or burglary – but also that (1) they were committed against Teresa Aikele, (2) that she was an "intimate partner" of Dade, and (3) that as a result of committing one of those three crimes, Dade "caused bodily injury to Teresa Aikele." *See Jury Instructions (Dkt. No. 104)* at 23. To convict Dade of Count Six, the jury necessarily had to find that as a result of committing one of the three crimes, Dade caused bodily injury to Teresa Aikele. Thus, Dade could not have been convicted for doing something to her that fell short of "the use, attempted use, or threatened use of physical force against" Teresa Aikele, as required by

---

[1] The *Geozos* case was addressing whether the movant was relying on *Johnson v. U.S.,* 135 S.Ct. 2563 (2015) instead of *Dimaya,* and involved a sentencing rather than a trial. But those are distinctions without a difference. What makes *Geozos* directly applicable to this case is the nearly identical language in the residual and elements clauses in that case and this case, and the similarity between *Johnson* and *Dimaya*.

§ 16(a). Indeed, the trial record is replete with evidence of bodily harm to Teresa Aikele committed by Dade; the Ninth Circuit, as discussed above, found the evidence in support of conviction as "overwhelming." Consequently, Dade's motion must be denied as to Count Six.

**Counts Three and Four**

As discussed above, Counts Three and Four also depending on a jury finding that Dade committed a crime of violence in connection with interstate domestic violence on Teresa Aikele. However, the jury instruction on Count Three was not identical to that of Count Six because the statute had changed in the interim between the conduct alleged. Count Six was based on domestic violence on October 20, 2000, while Count Three was based on domestic violence on February 18, 2001. The conduct in Count Six occurred before the statute was amended, and the conduct alleged in Count Three occurred after the statute's amendment. Thus, the jury instruction for Count Three did not include the element that Dade caused bodily injury to Teresa Aikele. Count Four was based on a finding that Dade brandished the firearm in committing Count Three, so the elements instruction for Count Three also guided the jury in Count Four.

This makes no difference to the end result, however. Because of the way the Court instructed the jury on the three offenses – assault, battery and burglary – it can be conclusively determined that the jury, in convicting Dade on Counts Three and Four, could not have relied on the residual clause of § 16(b). Instead, the Court's definition of assault, battery, and burglary precluded the jury from convicting Dade based on anything

other than a "crime of violence," as that term is defined in § 16(a). The Court's definitional instruction stated as follows:

> In several of the preceding instructions, the term "crime of violence" appears. For the defendant to be found guilty of committing a crime of violence, the Government must prove beyond a reasonable doubt that the defendant committed either assault, battery or burglary, with each of you agreeing on which of these crimes the defendant committed.
> An "assault" under Idaho law is committed when a person:
> (1) Unlawfully attempts, with apparent ability, to commit a violent injury on the person of another; or
> (2) Intentionally and unlawfully threatens by word or act to do violence to the person of another, with an apparent ability to do so, and does some act which creates a well-founded fear in the other person that such violence is imminent.
> A "battery" under Idaho law is committed when a person:
> (1) Willfully and unlawfully uses force or violence upon the person of another; or
> (2) Actually, intentionally, and unlawfully touches or strikes another person against the will of the other; or
> (3) Unlawfully and intentionally causes bodily harm to an individual.
> "Burglary" under Idaho law is committed when a person:
> (1) Enters the residence of another, and
> (2) At the time entry is made, that person has the specific intent to commit an assault or battery.

*See Jury Instructions (Dkt. No. 104) at 26 (in U.S. v. Dade (4:01-cr-196-BLW)).*

The Court turns first to the definition of assault in this jury instruction and finds that it "has as an element the use, attempted use, or threatened use of physical force against the person" as required by § 16(a). The Court's definition requires a finding that Dade attempted to commit a "violent injury" on another or threatened to "do violence" to another. While § 16(a) uses the term "physical force" rather than "violent injury," the Supreme Court has held that "physical force" means "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. U.S.,* 559 U.S.

**Memorandum Decision & Order – page 7**

133, 137 (2010). An attempt to commit a "violent injury" – or a threat to "do violence" to another – certainly describes a "violent force – that is, force capable of causing physical pain or injury to another person." *Id.* Thus, the offense as defined in the jury instructions requires a finding directly in line with § 16(a)'s requirement of physical force. And while the offense can be committed by either an attempt or a threat, both are included in § 16(a): "an offense that has as an element the use, *attempted use, or threatened use* of physical force against the person . . . of another." *See* § 16(a) (emphasis added).

The definition of battery likewise fits entirely within § 16(a). The Court's definition included the requirements of "intentionally caus[ing] bodily harm" and "willfully and unlawfully us[ing] . . . violence upon the person of another," phrases that fall squarely under § 16(a) because they require the "use, attempted use, or threatened use of physical force against the person . . . of another."

It is true that the Court's definition also included an "unlawful touching" that typically would not fit within the definition of physical force. For example, in *Johnson* the Supreme Court considered whether a battery conviction was a "violent felony" under the Armed Career Criminal Act (ACCA). The ACCA, like the domestic violence statutes here, defines a "violent felony" as one that "has as an element the use . . . of physical force." *See* 18 U.S.C. § 924(e)(2)(B)(i). In *Johnson,* the Government argued that at common law, the element of force in the crime of battery was satisfied by "even the slightest offensive touching," and so the term "physical force" in the ACCA should
**Memorandum Decision & Order – page 8**

include even an offense that could be committed by a slight touching. *Johnson,* 559 US at 164.

The Supreme Court rejected this argument, holding that it would be a "comical misfit" to find that the term "physical force" in the ACCA included a "touching." *Id.* at 145. The *Johnson* decision holds that the phrase "physical force" means "violent force." *Id.* at 140

*Johnson* was later applied by the Sixth Circuit to reach a similar result in a case considering the definition of physical force in the context of a federal offense under 18 U.S.C. § 922(g)(9) making it a crime for anyone convicted of a misdemeanor domestic violence to possess a firearm. *See U.S. v. Castleman,* 695 F.3d 582 (6th Cir. 2012). The phrase "misdemeanor domestic violence" was defined to mean a misdemeanor that "has, as an element, the use or attempted use of physical force . . . ." *See* 18 U.S.C. § 921(e)(33)(A). Using *Johnson's* definition of "physical force" that required "violent force," the Sixth Circuit set aside Castleman's conviction because he "could have been convicted for caus[ing] a slight, nonserious physical injury with conduct that cannot be described as violent." *Id.* at 590.

On appeal, one might have expected the Supreme Court to affirm, because the Sixth Circuit was merely applying the definition of a term – "physical force" – set forth in *Johnson.* But the Supreme Court reversed, finding that domestic violence crimes must be treated differently. The Court held that *Johnson's* definition of physical force applicable to the ACCA did not apply in the domestic violence context: "[H]ere, the common-law meaning of 'force' [that includes a slight offensive touching] fits perfectly.

**Memorandum Decision & Order – page 9**

The very reasons we gave for rejecting that meaning in defining a 'violent felony' are reasons to embrace it in defining a 'misdemeanor crime of domestic violence.' *Id.* at 163. The Supreme Court reasoned that "domestic violence is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." *Id.* at 165. Most physical assaults committed against women, the Court observed, "are relatively minor . . . ." *Id.* These minor acts "are easy to describe as 'domestic violence,' when the accumulation of such acts over time can subject one intimate partner to the other's control." *Id.* at 166. Answering Justice Scalia's criticism of these social science references to domestic violence, the majority opinion notes that "the operative phrase we are construing is not 'domestic violence'; it is 'physical force.'" In conclusion, the Court held "that the requirement of 'physical force' is satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction." *Id.* at 168.

Thus, *Castleman* stands for the proposition that in the domestic violence context – the setting for this case – the term "physical force" is not limited to "violent force" but also includes a touching that would support a common-law battery conviction. While *Castleman* dealt with § 922, its holding applies with equal strength to § 2261(a), the basis for all three convictions at issue here. Like *Castleman,* "[i]t makes sense" that Congress drafted § 2261(a) – a statute designed to deter and punish interstate domestic violence – to classify as a crime of violence even "the type of conduct that supports a common-law battery conviction." *Castleman*, 134 S. Ct. at 1411. For all of these reasons, the Court finds that the jury instruction on battery falls squarely within the language of § 16(a).

**Memorandum Decision & Order – page 10**

The Court turns next to its definition of burglary, requiring the jury to find that (1) Dade entered the residence of another, and, (2) "[a]t the time entry is made, [Dade had] the specific intent to commit an assault or battery." While the Government concedes that in its generic form, burglary as defined by Idaho statute can only be a crime of violence under the residual clause, the Court did not instruct the jury using Idaho's standard definition of burglary. Instead, the Court's instruction referenced only assault and battery, crimes the Court had already defined with language entirely within § 16(a). And not just any assault or battery would do – as discussed above, the Court's instructions required the jury to find that (1) Dade committed the crime "against Teresa Aikele," and (2) she was his "intimate partner." In this domestic violence context, assault and battery are crimes of violence under § 16(a) according to *Castleman*. Under these circumstances, the burglary charge, as defined by the Court in this interstate domestic violence case, falls squarely within § 16(a).

## Conclusion

Coupling the instructions with the actual evidence introduced at trial, "it is possible to conclusively determine the jury relied on a valid ground" – the force clause contained in § 16(a). *See Geozos*, 980 F.3d at 896. Accordingly, Dade's motion must be denied.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to set aside Judgment (docket no. 4) and motion to vacate, set aside, or correct sentence (docket no. 7) are DENIED.

DATED: January 29, 2019

B. Lynn Winmill
U.S. District Court Judge